UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PEPIANA AKWEI                                                                                          PLAINTIFF

v.                                                                                    NO. 3:13-CV-00819-CRS-JDM

JBS USA, LLC, and
SWIFT PORK COMPANY                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on a motion to remand filed by Plaintiff Pepiana Akwei against Defendants JBS USA, LLC and Swift Pork Company (collectively, "Defendants"). (DN 6). Fully briefed, the matter is now ripe for adjudication. For the reasons set forth below, the court will deny Plaintiff's motion to remand (DN 6).

**I.**

Plaintiff is a female Muslim from Sudan who was hired by Defendants in 2007 as a production employee at their hog slaughtering and processing plant in Louisville, Kentucky. Plaintiff filed this action in Jefferson County, Kentucky, Circuit Court on November 27, 2012 raising several claims against Defendants for employment discrimination in violation of the Kentucky Civil Rights Act, KRS §§ 344 *et seq.*, and the Kentucky Workers' Compensation Act, KRS § 342.197. (Compl., DN 1-2). Plaintiff alleged that Defendants discriminated against her on the basis of her race, color, religion, and national origin, and because she had previously pursued a workers' compensation claim. (*Id.*). Plaintiff sought compensatory damages for past lost wages, past lost benefits, emotional distress, mental anguish, embarrassment, and humiliation, in addition to statutory remedies under KRS § 344 and fees and costs. (*Id.*).

Plaintiff was terminated from her employment with Defendant on March 11, 2013, during the pendency of this action, and thereafter amended her complaint on July 22, 2013 to include an additional claim for retaliation in violation of KRS § 344.280 and punitive damages. (Am. Compl., DN 1-5).

As required under Kentucky law, Plaintiff's complaint did not specify the amount of damages sought. *See* Ky. R. Civ. P. 8.01(2). Defendants allegedly did not learn of the specific amount claimed by Plaintiff until Plaintiff provided Answers to Defendants' First Set of Interrogatories on July 23, 2013. In these answers, Plaintiff indicated that she would seek damages of up to $971,000, including $221,000 in past and future lost wages; $250,000 for emotional distress, humiliation, and/or mental anguish; and $500,000 in punitive damages. Upon receiving this response, Defendants removed the action to this court on August 21, 2013. (DN 1). Defendants contend that this court has original jurisdiction over the action because the parties are diverse and the amount in controversy exceeds $75,000.[1] Plaintiff moved to remand the action to Jefferson Circuit Court on September 11, 2013. (DN 6). Plaintiff contends that Defendants failed to satisfy their burden of establishing the court's jurisdiction over the claims raised in the Amended Complaint.

**II.**

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where

---

[1] It is undisputed that complete diversity exists between the parties. Plaintiff is a resident and citizen of Kentucky, while Defendants are both organized under the laws of Delaware and have principal places of business in Colorado.

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.

Plaintiff states two grounds in support of her motion to remand: (1) Defendants' notice of removal was untimely, having occurred more than thirty days after the filing of her state court complaint; and (2) Defendants waived the right to remove the action by actively litigating the case in state court.

We will first address Plaintiff's argument regarding the timeliness of the removal. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of its receipt of either the "initial pleading" or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Courts in this district "strictly construe[ ]" the removal statutes "so that § 1446(b) commences the thirty-day period from the date a defendant has solid and unambiguous information that a case is removable." *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673 (W.D. Ky. 2009) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In making this inquiry, the court should "consider a defendant's actual knowledge to determine when the thirty-day period commences." *Id.* at 673–74 (citations omitted).

Thus, the question we must ask is "when were Defendants able to prove by a preponderance of the evidence that the case met the jurisdictional requirements?" *Vaughan v. Dillards, Inc.*, 2008 WL 4820772, *2 (W.D. Ky. Oct. 31, 2008). Plaintiff contends that the thirty-day period began to run when Defendants received the initial complaint because it provided adequate notice that the action was removable.

Defendants, for their part, argue that a fair reading of the complaint did not give them notice that the amount in controversy exceeded $75,000 because at that time of its filing, Plaintiff was still employed by Defendants. Moreover, Plaintiff only initially sought damages for six months' worth of back pay, in addition to non-pecuniary loses for emotional pain, suffering, and mental anguish.[2] Defendants argue that Plaintiff's claim for back pay for the six months she was out of work could not exceed $12,768, based on their knowledge of her rate of pay and normal hours worked. In their view, the action was not removable based on a fair reading of the complaint because this amount—even in combination with the additional claims for non-pecuniary losses—could not satisfy the jurisdictional threshold. Rather, Defendants argue that the action first became removable when they received Plaintiff's Answers to Interrogatories on July 23, 2013, because that was the first time that Plaintiff provided a specific request for damages. Defendants argue in the alternative that the action became removable on July 22, 2013, when Plaintiff filed the Amended Complaint to include a claim for retaliation and punitive damages. According to Defendants, these additional claims put them on notice that the amount in controversy would exceed the jurisdictional threshold.

Having considered the parties' arguments, we find that the action was timely removed. Defendants were able to prove by a preponderance of the evidence that the case met the

---

[2] At this time Plaintiff's claim for back pay only related to the sixth month period from August 2011 to February 2012 during which she was suspended from work without pay.

jurisdictional requirements on July 22, 2013 with the filing of the Amended Complaint. This was the time at which Plaintiff brought a claim of retaliation under the Kentucky Civil Rights Act and asserted a demand for punitive damages, both of which could result in Plaintiff being awarded damages in excess of $75,000. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424–26 (2003) (embracing a punitive-to-compensatory damages ratio near 4–to–1); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (finding that courts should consider punitive damages "[w]hen determining the jurisdictional amount in controversy in diversity cases, . . . unless it is apparent to a legal certainty that such cannot be recovered") (citation omitted). Thus, the action was timely removed within the thirty-day period following the filing of the Amended Complaint.[3] As Plaintiff has also indicated in discovery responses that she seeks damages of up to $971,000, we find that Defendants have met their burden of showing that the amount-in-controversy has been met by a preponderance of the evidence. *See id.*

As a second ground for remand, Plaintiff argues that Defendants waived their ability to remove the action by actively litigating it in state court. Waiver may operate as a bar to removal in certain instances, provided that "the defendant's intent (to waive) [is] clear and unequivocal." *Bedell v. H.R.C., Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981) (quoting 1 MOORE'S FEDERAL PRACTICE P 0.157(9)). This court has recognized that

> Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits . . . . Although, waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part, the mere filing in the state court of a pleading raising a defense which might

---

[3] The instant action is distinguishable from the cases cited by Plaintiff in her motion to remand, as employment discrimination and retaliation actions are dissimilar from claims arising from intentional torts. *See McCraw v. Lyons*, 863 F. Supp. 430, 431–32 (W.D. Ky. 1994) (finding that the bare complaint supported removal where the plaintiff sought damages for assault, battery, harassment, and outrageous conduct, in addition to claims for punitive and compensatory damages); *Nobles v. George T. Underhill & Assoc., LLC*, 2010 WL 1542516 (W.D. Ky. Apr. 16, 2010) (finding that removability could be ascertained from the face of the complaint when the defendant was aware of an underlying bankruptcy proceeding, yet waited more than three years before attempting to remove the action).

> be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense . . . .

*Clark v. Psybar, LLC*, 2013 WL 6222982, *2–3 (W.D. Ky. Nov. 27, 2013) (quoting *Bedell*, 522 F. Supp. at 738) (alterations in original; citations omitted).

Here, Defendants took several actions to litigate the matter while it was pending in state court, including filing answers to the complaint and amended complaints, as well as exchanging interrogatories and requests for production with Plaintiff. However, none of these filings or requests involved a "permissive pleading seeking affirmative relief," nor did they result in "an adjudication on the merits of an issue which could result in the dismissal of the action." *Id.* at *2. Rather, they are more properly classified as the "mere filing . . . of a pleading raising a defense which might be conclusive of the merits," which is "insufficient" to establish waiver. *Id.* As such, we find that Defendants did not waive the right to remove the action to this court.

Accordingly, Plaintiff's motion to remand (DN 6) is **DENIED**. A separate order will be entered this date in accordance with this Memorandum Opinion.

May 30, 2014

                              **Charles R. Simpson III, Senior Judge**
                                   **United States District Court**